Maria Crimi Speth #012574
David S. Gingras, #021097
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| DLB CUSTOM HOMES, INC., an Arizona corporation<br><br>Plaintiff,<br><br>v.<br><br>EDWARD FELIX and JUNE FELIX, husband and wife,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

For its Complaint Plaintiff DLB Custom Homes, Inc. ("DLB" or "Plaintiff") alleges:

**I.    IDENTIFICATION OF THE PARTIES AND JURISDICTION**

1. Plaintiff is an Arizona corporation with its principal place of business in Arizona.

2. Upon information and belief, Defendants Edward Felix ("Felix") and Jane doe Felix (collectively, the "Felix Defendants") are, and at all relevant times have been, a married couple, residents of the State of Arizona and/or have caused events to occur in Arizona out of which Plaintiff's claims arise.

3. All conduct on the part of Felix alleged herein was in furtherance of and for the benefit of his marital community.

4.      This Court has subject matter jurisdiction of the federal claims alleged in this complaint under 28 U.S.C. §1338(a).

5.      All Defendants currently reside in, maintain their principal place of business in and/or are doing business in the District of Arizona, and a substantial part of the events, acts or omissions giving rise to the claims alleged in this Complaint occurred within the District of Arizona.  As such, jurisdiction over the parties and venue are proper in the District of Arizona under 28 U.S.C. §1391 and/or 28 U.S.C.A. §1400(a).

**II.      BACKGROUND AND FACTS**

6.      DLB is in the business of creating architectural drawings, designs and plans for custom homes.  It employs designers and draftspersons who prepare such architectural, drawings, designs and plans for custom homes.

7.      For over nine years, beginning in 1998, DLB has built homes in the Arizona market.  In 2002/03, they began incorporating the design services into their scope of work through for their own use and site built projects.  Since 2004/05, DLB has created, developed and produced for it own use certain architectural drawings, plans and designs to be used for the construction of custom homes.

8.      DLB is the legal and registered owner of the federal copyright to certain architectural drawings and related materials (the "Plans") issued by the United States Copyright Office Certificate of Registration No. VAu 952-127.  A true and correct copy of the Certificate of Registration for the Plans is attached as **Exhibit A** to this Complaint.

9.      On February 1, 2006, Felix executed an Employment Agreement with DLB that specifically provided that copyrights in any works created by Felix were owned by DLB.  Felix left the employment of DLB in April 2006 and, at or about the same time, began competing with DLB by misrepresenting to potential clients that he created certain designs and plans that he was involved in while at DLB.

10.     Upon information and belief, prior to and upon leaving DLB's employ, Felix misappropriated and copied for his own use, substantial portions of the Plans, including certain architectural drawings, designs and plans and related materials in

1  violation of Plaintiff's federal copyright and has profited from such activities for his own
2  financial gain and competitive advantage.

3      11.    Upon information and belief, Felix used, copied and/or made derivative
4  works from the Plans without authorization or permission from DLB.

5      12.    Defendant is not a licensed user of the Plans or any architectural
6  drawings, designs or materials owned by DLB and is not otherwise authorized to copy or
7  use the Plans, architectural drawings, designs or materials in any way or for any purpose.

8      13.    Despite demand by DLB, Felix, has continued to use the Plans,
9  architectural drawings, designs and materials, substantial portions thereof and/or works
10 copied or derived therefrom in violation of Plaintiff's federal copyright(s).

11     14.    The Defendant's conduct and infringement of Plaintiff's copyright as
12 alleged herein was willful.

13     15.    By reason of the Defendant's infringement of Plaintiff's copyright, as
14 alleged herein, Plaintiff is entitled to injunctive and monetary relief pursuant to 17
15 U.S.C.A. §§502 *et seq*.

16     16.    By reason of the Defendant's breach(es) of contract and/or other
17 wrongful conduct alleged herein, Plaintiff is entitled to damages, fees and costs pursuant
18 to applicable state laws.

### COUNT I: COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501, *et. seq*.)

21     17.    Plaintiff incorporates all allegations set forth in this Complaint as though
22 fully set forth herein.

23     18.    DLB is the legal and registered owner of the copyright to the Plans,
24 architectural drawings, designs and related materials, as evidenced by the Certificate of
25 Registration No. VAu 952-127 attached as Exhibit A to this Complaint.

26     19.    Beginning sometime prior to and upon leaving DLB's employ and
27 continuing unabated thereafter, Felix copied and/or misappropriated for his own use, the
28 Plans, architectural drawings, designs and related materials and/or substantial portions

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

thereof in violation of Plaintiff's federal copyright, using copies thereof or works derived therefrom, and has profited from such activities for his own financial gain and competitive advantage.

20. DLB is the sole owner of all rights, title and interest in and to the architectural drawings, designs and plans and related materials.

21. DLB has demanded that Felix stop copying and/or unlawfully using Plaintiff's copyrighted materials without its consent, but Defendant has refused to cease his infringing activities.

22. Felix's conduct has been in willful violation of DLB's copyright(s).

23. Felix's conduct violates the exclusive rights belonging to DLB as owner of the copyright and other rights pertaining to the architectural drawings, designs and plans and related materials, including, without limitation, Plaintiff's rights under 17 U.S.C. § 106.

24. Upon information and belief, DLB alleges that, as a direct and proximate result of Felix's wrongful conduct, Felix has realized and continues to realize profits and other benefits rightfully belonging to DLB. Accordingly, DLB seeks damages pursuant to 17 U.S.C.A. §504 and 17 U.S.C.A. §505.

25. DLB has suffered damages as a result of the infringing activities alleged herein in an amount to be proved at trial.

WHEREFORE, Plaintiff requests that judgment be entered against Felix, as follows:

1. For an order directing Felix to account to Plaintiff for all gains, profits and advantages derived by him by his wrongful conduct;

2. Because Felix has intentionally infringed and continues to infringe Plaintiff's copyrights, for an award of the maximum allowable damages for each copyright law violation;

3. For an award of actual and/or statutory damages, if appropriate, in an amount to be determined at trial;

4

4. For an order directing Felix to disgorge all profits obtained by their wrongful conduct;

5. For an award of costs and attorney fees and other disbursements incurred in this action pursuant to 17 U.S.C.A. §505;

6. For such other and further relief as the Court deems just and proper.

## COUNT II:  INJUNCTIVE RELIEF

26. Plaintiff incorporates all allegations set forth in this Complaint as though fully set forth herein.

27. The violations of federal copyright laws and other rights alleged herein may all be properly enjoined.

28. DLB has suffered and will continue to suffer irreparable harm unless Defendants' unlawful acts are enjoined.

29. DLB has a strong likelihood of success on the merits.

30. DLB has no adequate remedy at law to protect it and others from further or continuing infringement of its rights unless the Court issues an injunction prohibiting the Defendant from committing any such further acts.

31. The balance of hardships greatly favors DLB because its copyright and other rights alleged herein have been and will continue to be unlawfully misappropriated and used by the Defendant.

32. Injunctive relief is consistent with law and public policy to prevent the copyright violations alleged herein.

33. DLB is entitled to injunctive relief, both preliminarily and permanently enjoining Defendant, and, if and to the extent applicable, his agents, employees, independent contractors or other persons acting under Defendant's supervision and control or at his request, from committing any further or continuing acts of copyright violations.

34. To the extent applicable, and where authorized by law, DLB is entitled to attorney fees and costs incurred in securing injunctive relief.

WHEREFORE, Plaintiff requests that judgment be entered against the Defendant as follows:

11498-406/SRS/DSG/616321_v3

1. For an order immediately and permanently enjoining the Defendant, and, to the extent applicable, his agents, servants, employees, representatives, attorneys, related companies, successors, assigns and all others under Defendant's supervision and control, at his request or in active concert or participation with him, from copying, republishing, distributing or in any way using all or any part or portion of Plaintiff's copyrighted materials and from encouraging or aiding others to commit any such infringing acts;

2. For an order that Defendant return to Plaintiff all of Plaintiff's copyrighted materials and destroy all derivatives of the copyrighted materials that are in Defendant's possession;

2. For an order awarding Plaintiff its costs, attorney fees, and disbursements in this action pursuant to 17 U.S.C.A. §505.

3. or such other and further relief as the Court deems just and proper.

DATED this 19th day of November, 2007.

                                      **JABURG & WILK, P.C.**

                                      s/David S. Gingras, Esq.
                                      Maria Crimi Speth
                                      David S. Gingras
                                      Attorneys for Plaintiff

*JABURG & WILK, P.C.*
*ATTORNEYS AT LAW*
*3200 NORTH CENTRAL AVENUE*
*SUITE 2000*
*PHOENIX, ARIZONA 85012*

11498-406/SRS/DSG/616321_v3